SUMMARY ORDER

Jian Hua Huang, a native and citizen of the People’s Republic of China, seeks review of a June 6, 2008 order of the BIA affirming the January 29, 2003 decision of Immigration Judge (“IJ”) Elizabeth A. Lamb, which denied Huang’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jian Hua Huang, No. A078 191 449 (B.I.A. June 6, 2008), aff'g No. A078 191 449 (Immig. Ct. N.Y. City Jan. 29, 2003). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an independent decision on remand from this Court, we review the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. *108 § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Huang’s brief does not challenge the agency’s determination that he did not suffer past persecution or establish a likelihood that he will be tortured if returned to China. Accordingly, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
The only remaining question is whether the agency erred in finding that Huang, whom the BIA presumed credible, did not have a well-founded fear of persecution. We see no error. The agency properly relied, in part, on the fact that his Christian family members, including his grandmother who physically tried to stop Chinese officials from arresting Huang, have lived unharmed since his departure from that country. See Melgar de Tones v. Reno, 191 F.3d 307, 313 (2d Cir.1999). Moreover, the agency considered the record evidence as to the country conditions and reasonably concluded that it did not demonstrate that the millions of lay practitioners in underground Christian churches have an objectively reasonable fear of persecution. The agency is “entitled to rely on [country condition reports], so long as in doing so it did not overlook any contradictory evidence directly presented by petitioner”. Man Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005). While Huang points to record evidence that might support a contrary conclusion, nothing compels us to conclude that the agency ignored such evidence, and we will not ourselves “attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency.” Man Hui Shao v. Mukasey, 546 F.3d 138, 171 (2d Cir.2008).
As the agency reasonably found that Huang failed to demonstrate a well-founded fear of persecution, it reasonably denied his application for asylum and withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).